[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

No. 09-12964
Non-Argument Calendar

_____

Agency No. A094-873-458

WILLIAM FERNANDO BERNAL-GACHA,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 29, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

William Fernando Bernal-Gacha seeks review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241(b)(3)(A), 8 U.S.C. §§ 1158, 1231(b)(3)(A), 8 C.F.R. § 208.16, and for relief under the the United Nations Convention on Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, he contends that his testimony established that: (1) he suffered past persecution in Colombia on account of imputed political opinion; and (2) he had a well-founded fear of future persecution.

When the BIA issues a separate decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id.

We review a factual determination by the BIA that an alien is statutorily ineligible for asylum under the substantial evidence test. Id. at 1283. Under that highly deferential test, we must affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotation omitted). Moreover, we review the record evidence in the light most favorable to the agency's decision, and will not overturn factual findings unless the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282,

2

1286-87 (11th Cir. 2005).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a); Al Najjar, 257 F.3d at 1284. In order to meet this burden, the applicant, with specific and credible evidence, must establish (1) past persecution on account of a statutorily protected ground, or (2) a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 208.13(b); Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). "In addition to providing an independent avenue for asylum eligibility, a showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1007 (11th Cir. 2008); 8 C.F.R. § 208.13(b)(1).

In determining whether the applicant has suffered past persecution, the BIA

3

must consider the cumulative impact of the alleged incidents of persecution. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 (11th Cir. 2007). While the INA does not define "persecution," we have indicated that it is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). In other words, "mere harassment does not amount to persecution." *Id.* (quotation and alteration omitted).

Even if the applicant fails to demonstrate past persecution, that applicant may still establish asylum based upon proof of a well-founded fear of future persecution. De Santamaria, 525 F.3d at 1007; 8 C.F.R. § 208.13(b)(2). It is enough that the applicant shows a reasonable possibility of future persecution, as long as that applicant also shows that the fear is both "subjectively genuine and objectively reasonable." Mejia, 498 F.3d at 1256; De Santamaria, 525 F.3d at 1007. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." De Santamaria, 525 F.3d at 1007 (quotation omitted). "The objective prong can be fulfilled by establishing that the applicant has a good reason to fear future persecution." Id. (quotation omitted). The applicant must also establish a nexus between a statutorily protected ground and the feared persecution, by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" on account

4

of a protected ground. Sepulveda, 401 F.3d at 1231 (quotation omitted)

To qualify for withholding of removal, the applicant must establish that it is more likely than not that the applicant's "life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). When the applicant fails to establish a claim of asylum on the merits, that applicant "necessarily fails to establish eligibility for withholding of removal." Forgue, 401 F.3d at 1288 n.4.

Based on a review of the record and the parties' briefs, we hold that substantial evidence supported the BIA's determination that Bernal-Gacha did not suffer past persecution. The incidents Bernal-Gacha endured, taken cumulatively, simply did not rise to the level of persecutory acts that we have held compels a reversal of the agency's decision. Substantial evidence also supported the BIA's determination that Bernal-Gacha's fear of future persecution was objectively unreasonable, and, therefore, not well-founded. Bernal-Gacha's family has remained in Colombia, unharmed, despite the FARC's knowledge of their presence, and he did not suffer receive any threats when he relocated to Medellin. Additionally, he has been absent from Colombia for more than four years. See Sepulveda, 401 F.3d at 1232 (reasoning applicant's notoriety as student activist would not outlast four year absence). As a result, we deny his petition.

5

**PETITION DENIED.**